O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HERNANDEZ, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV14-00321-VEB <br><br><br> DECISION AND ORDER |

## I. INTRODUCTION

In September of 2010, Plaintiff Steven Hernandez, Jr. applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Bill LaTour, Esq.,

1

commenced this action seeking judicial review of the Commissioner's partial denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 10). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Plaintiff applied for benefits on September 27, 2010, alleging disability beginning May 4, 2009, due to various physical impairments. (T at 59).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 20, 2012, a hearing was held before ALJ Mark Greenberg. (T at 30). Plaintiff appeared with his attorney and testified. (T at 33-47). The ALJ also received testimony from Gloria Lasoff, a vocational expert (T at 48-53).

On January 27, 2012, the ALJ issued a written decision denying the application for benefits. (T at 11-28). The ALJ's decision became the Commissioner's final decision on January 10, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-3).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

On February 20, 2014, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 3). The Commissioner interposed an Answer on August 27, 2014. (Docket No. 13). The parties filed a Joint Stipulation on November 24, 2014. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case be dismissed.

### III. DISCUSSION

A.   **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.   Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 4, 2009 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2012. (T at 16). The ALJ found that Plaintiff's degenerative disc disease with failed back syndrome post fusion and history of reported seizures were "severe" impairments under the Act. (Tr. 16).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 16).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 416.967 (a), as follows:

he can lift/carry 10 pounds occasionally and less than 10 pounds frequently; he can stand/walk for 6 hours in an 8-hour workday with regular breaks; he can sit for 6 hours in an 8-hour workday with regular breaks; he needs a sit/stand option every 20 to 30 minutes as needed; he has no limitation as to pushing or pulling; he can perform occasional stooping, kneeling, crouching, crawling or balancing; he cannot climb ladders, ropes, or scaffolds; he must avoid hazards and environments with vibrations; and he must avoid concentrated extremes of cold or humidity. (T at 17).

The ALJ found that Plaintiff could not perform his past relevant work as a store laborer, sales clerk, library helper, vehicle washer, waiter, or bell captain. (T at 22). Considering Plaintiff's age (33 on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 22).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from May 4, 2009 (the alleged onset date) through January 27, 2012 (the date of the ALJ's decision). (T at 23-24). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.     Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 17), Plaintiff offers two (2) arguments in support of his claim that the Commissioner's decision should be reversed.  First, he contends that the ALJ did not properly weigh the medical opinion evidence.  Second, Plaintiff challenges the ALJ's credibility determination. This Court will address both arguments in turn.

### IV. ANALYSIS

**A.     Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged

period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. Sam Lin, Plaintiff's treating physician, completed a Medical Source Statement Concerning the Nature and Severity of an Individual's Physical Impairment in January of 2012. Dr. Lin reported that he had treated Plaintiff monthly since May of 2009. He diagnosed low back pain due to failed back surgery and characterized Plaintiff's prognosis as "poor." (T at 531). He noted that Plaintiff suffered from chronic pain, fatigue, and limited mobility, and was unable to bend, stoop, or kneel. (T at 531). On a scale of 1-10, Dr. Lin rated Plaintiff's level of pain as a 9 and level of fatigue as a 7. (T at 531). Dr. Lin opined that Plaintiff could sit for 0-2 hours in an 8-hour workday and stand/walk for 0-2 hours in an 8-hour

workday. (T at 532).  He found that Plaintiff could not sit continuously in a work setting, could not lift/carry any weight, had significant limitations with regard to repetitive reaching, handling, fingering or lifting, and needed a cane or other assistive device when standing/walking. (T at 532).

Dr. Lin believed Plaintiff's condition would interfere with his ability to keep his neck in a constant position (e.g. looking at a computer screen or down at a desk) and opined that Plaintiff could not perform a full time competitive job that required activity on a sustained basis. (T at 532-33).  Dr. Lin stated that Plaintiff was not a malingerer and was incapable of even a low stress job. (T at 533).  He explained that he would expect Plaintiff to be absent from work more than 3 times per month as a result of his impairments or treatment. (T at 534).  Dr. Lin reported that he expected Plaintiff's condition to worsen over time. (T at 535).

The ALJ afforded little weight to Dr. Lin's opinion. (T at 20).  This Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.  First, Dr. Lin did not cite detailed clinical or diagnostic findings to support his highly restrictive assessment.  The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Second, the ALJ found that Dr. Lin's assessment was inconsistent with his contemporaneous treatment notes. On May 25, 2011, Dr. Lin noted that Plaintiff wanted to decrease his pain medication and was able to walk without pain. (T at 522). On June 11, 2011, Dr. Lin described Plaintiff as "doing well" on methadone and "happy" with his current medications. (T at 524). The treatment notes from August 1, 2011 and October 10, 2011 indicate that Plaintiff planned to engage in vocational training. (T at 525, 526). Notes from September and October of 2011 reported that Plaintiff was "more mobile" and not using a cane. (T at 526, 528). On November 22, 2011, Dr. Lin described Plaintiff's pain as "controlled." (T at 529).

The ALJ reasonably relied on the inconsistency between Dr. Lin's treatment notes and his highly restrictive assessment as a reason for discounting the physician's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Third, the ALJ noted that Dr. Lin's assessment was contradicted by the conservative course of treatment and other evidence of record. The record indicated that Plaintiff's condition improved following surgery in May of 2009 and that his pain was controlled with medication. (T at 19-20, 313, 316, 524, 525, 526). A

January 2010 lumbar spine x-ray showed the screws from Plaintiff's surgery, but no compromise of disc space height and no subluxation. (T at 256). A December 2010 MRI revealed no fracture or subluxation, no significant marrow signal abnormality, mild diffuse disc bulge at L3-4, mild bilateral facet hypertrophy and mild right neural foramen at L4-5 (but no disc protrusion or spinal stenosis), and mild bilateral facet hypertrophy at L5-S1 (but no disc protrusion, spinal stenosis, or significant neural foramen). (T at 412). The lack of medical support for a physician's opinion is a proper reason for discounting a treating physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

The ALJ also noted the lack of aggressive treatment (e.g. additional surgical intervention, referral to a specialist), finding the conservative course of treatment inconsistent with the extreme restrictions assessed by Dr. Lin. (T at 18). The fact that a claimant received only conservative treatment is a proper basis upon which to reject an opinion that the impairment is disabling. *See Johnson v. Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995)(finding that the claimant received only conservative treatment for back injury is a clear and convincing reason for disregarding testimony that the claimant is disabled).

Lastly, the ALJ noted that Dr. Lin's opinion was contradicted by the assessment of Dr. Francis Greene and Dr. Thu Do, non-examining State Agency

review physicians. In November of 2010, Dr. Greene reviewed the record and concluded that Plaintiff could frequently lift 10 pounds, stand/walk for at least 2 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday with normal breaks. (T at 370). He opined that Plaintiff could occasionally climb ramps and stairs, but never climb ladders/rope/scaffolds, and could occasionally balance, stoop, kneel, crouch, and crawl. (T at 371). Dr. Greene concluded that Plaintiff could perform sedentary work. (T at 373). Dr. Do performed a review in February of 2011 and likewise concluded that Plaintiff retained the RFC to perform sedentary work. (T at 487-88).

State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

For the foregoing reasons, this Court finds the ALJ's decision to discount the opinion of Dr. Lin was supported by substantial evidence and consistent with applicable law.

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He was born in October of 1975 and has a college education. He has been disabled since May of 2009, when he had the first of two back operations. (T at 33). Neither surgery (the first, in May of 2009, or the second, in February of 2011) were successful in terms of addressing Plaintiff's chronic pain. (T at 34). He made an attempt to return to work in June 2011 at a "Michael's" store, but it lasted only four hours and was a "nightmare." (T at 34). He cannot sit for more than 20-30 minutes before needing to get up due to chronic pain; standing is limited to 30-45 minutes before he needs to lie down due to pain. (T at 35). Most of his day is spent lying down. (T at 35).

Medication helps Plaintiff function around the house, e.g. brushing teeth, showering. (T at 35). He lives with his parents and spends his typical day dealing with pain and limited mobility. (T at 35-36). He uses a cane to walk, even in the house, and uses a "grabber" to pick items up. (T at 36). He lies down for 2 to 3 hours periods during each day and alternates between sitting, standing, and lying down. (T at 38). Medication allows him to do laundry, use the computer, and make doctors' appointments. (T at 40). He can sit at a computer for about 15 minutes and perform simple cooking tasks. (T at 40). He does no yard work and cannot lift more than 10 pounds. (T at 41). He does not need assistance with self-care tasks, but it takes longer than it did before his back problems. (T at 42).

Pain causes difficulty sleeping. (T at 43). He has chronic fatigue. (T at 43). He relies on his parents for shopping. (T at 43). He no longer engages in hobbies or attends social functions. (T at 44). His daughter occasionally visits, but his activities with her are limited by pain. (T at 44). In September of 2010, Plaintiff was looking for work, but he no longer believes he could perform full-time work. (T at 46).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 22).

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law. First, the ALJ noted that Plaintiff's testimony was contradicted by the objective medical evidence. Plaintiff testified that he had experience no improvement in his symptoms since his first surgery. (T at 34-35). However, as discussed above, the treatment notes showed improvement and indicated that Plaintiff's pain was generally well-controlled with medication. (T at 524-30). The x-ray and MRI findings were also generally benign. (T at 256-57, 412). Although the lack of supporting medical evidence cannot form the sole basis for discounting subjective pain testimony, it is a factor the ALJ may

consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, the ALJ noted that Plaintiff had a conservative course of treatment, e.g. no additional surgical intervention, no referral to a specialist. (T at 18). "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Third, the ALJ noted that Plaintiff was less than truthful regarding his receipt of unemployment benefits. Although Plaintiff testified that he had not received unemployment benefits since the alleged onset date (T at 46), this was contradicted by the record. (T at 121, 367). This inconsistency was a valid reason for discounting the overall credibility of Plaintiff's claims.

In light of the above, this Court finds that the ALJ's credibility determination must be sustained. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 6th day of March, 2016.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE